UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CLARENCE E. BROWN,<br>Plaintiff, | Case No. 1:13-cv-234 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, proceeding pro se, initiated this Social Security appeal in April 2013. On February 5, 2014, this Court entered an Order notifying pro se plaintiff that the attorney participating in the District Court's Referral Panel of Attorneys for *Pro Se* Social Security Disability/SSI Appeals had declined to represent plaintiff in this action. The Court ordered plaintiff to file his statement of specific errors pursuant to the Magistrate Judges' General Order Concerning Social Security Appeals on or before March 20, 2014. As of the date of this Order, plaintiff has not filed a statement of specific errors.

On March 21, 2014, this Court ordered plaintiff to show cause, in writing and within fourteen (14) days, why this matter should not be dismiss for want of prosecution and for failure to obey a Court Order. (Doc. 13). This Order was sent via certified mail to plaintiff; the return receipt reflects that plaintiff received the Order on March 22, 2014. (Doc. 14). To date, plaintiff has not filed his statement of specific errors or otherwise attempted to prosecute his lawsuit.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at

109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's case be **DISMISSED** in its entirety for want of prosecution and for failure to obey an Order of the Court; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/11/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLARENCE E. BROWN,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:13-cv-234

Dlott, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Clarence E. Brown<br>2731 E. Tower 208<br>Cinti, OH 45238 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No | |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9999 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |